940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gloria VASQUEZ-TORRES, Defendant-Appellant.
 No. 89-5593.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1990.
Decided Aug. 1, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-88-251)
 Charles R. Garten, Charleston, W.Va., for appellant.
 John Kirk Brandfass, Assistant United States Attorney, Charleston, W.Va. (Argued), for appellee; Michael W. Carey, United States Attorney, Charleston, W.Va. on brief.
 S.D.W.Va.
 AFFIRMED.
 OPINION
 PER CURIAM:
 
 
 1
 Gloria Vasquez-Torres was convicted by a jury on March 3, 1989 of attempted escape from the Federal Correctional Institution at Alderson, West Virginia in violation of 18 U.S.C. Sec. 751(a). She appeals her conviction contending that the evidence was insufficient to support her conviction as a matter of law, that she was deprived of her sixth amendment right to a fair and impartial jury, and that a mistrial should have been declared because of certain evidence alluded to in the government's opening statement that was not then admitted at trial. Finding no merit in these contentions, we affirm.
 
 
 2
 Mrs. Vasquez-Torres was incarcerated at the Alderson Federal Correctional Institution pursuant to a judgment of conviction of a United States District Court. She was confined in a cottage located on the prison grounds. Prison regulations required inmates to remain inside their respective cottages between the hours of midnight and the following eight o'clock a.m.
 
 
 3
 On September 27, 1988, Mrs. Vasquez-Torres was discovered to be missing from her assigned bed during the three o'clock a.m. prisoner count. A blanket had been positioned on her bed to make it appear as if it were occupied. A picture count was then conducted of the cottage inmates and it confirmed that she was indeed no longer inside the cottage. Shortly thereafter, Alderson officials commenced a search of the prison grounds. At approximately six-thirty a.m., officer Atkins, on foot patrol, discovered movement in the wooded area some one hundred yards from the nearest cottage and near the perimeter fence. Atkins radioed for assistance and officer Calvin Sheppard arrived in his patrol vehicle. The vehicle's flood lights were used to illuminate the wooded area, and a human outline could be observed standing behind some bushes and a tree near the perimeter fence. Sheppard called out the name "Gloria," and Mrs. Vasquez-Torres then came out from behind the vegetation and approached the officers.
 
 
 4
 At the time of her apprehension she was dressed in a black jacket and jeans and was carrying a pair of Barrett night vision binoculars around her neck.
 
 
 5
 Vasquez-Torres first contends that the evidence was insufficient as a matter of law to support her conviction. When the defendant challenges the sufficiency of the evidence used to convict her, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The record shows that Mrs. Vasquez-Torres arranged her bed in an attempt to make it appear occupied and then left her assigned cottage at night in violation of prison regulations. When she was apprehended several hours later in the wooded area near the perimeter fence she was dressed in black clothing and was equipped with a pair of night vision binoculars. Viewed in the light most favorable to the government, this record contains abundant evidence to support her conviction.
 
 
 6
 Mrs. Vasquez-Torres also contends that she was deprived of her sixth amendment right to a fair and impartial jury. She argues that several members of the jury venire showed bias and should have been excused for cause. Further, she contends that when the judge failed to so excuse the jurors she was forced to exercise her peremptory challenges on them, and when additional peremptory challenges were not granted, jurors upon whom those peremptory challenges would have been exercised ended up on the jury panel. This, it is claimed, unfairly prejudiced her at trial.
 
 
 7
 The conduct of voir dire is within the trial court's discretion, and, in exercising this discretion, the trial judge may evaluate potential jurors' inflections and gestures, as well as their actual words, to determine whether excusal for cause is warranted. United States v. Griley, 814 F.2d 967, 974 (4th Cir.1987).
 
 
 8
 The juror bias that is alleged stems from the fact that several of the challenged jurors who ultimately ended up serving on the panel had some connection with the Alderson correctional institution. For example, potential juror Weikle's brother worked in the prison's food service department; Weikle knew approximately eight other persons who worked in some capacity at the prison; and Weikle had business dealings with the prison's purchasing department.
 
 
 9
 During voir dire, however, the trial judge made inquiries into Weikle's ability to listen to the evidence and to render a fair and impartial verdict. Weikle responded that these associations would not keep him from being impartial and that he felt he could be completely fair.
 
 
 10
 The trial judge made similar inquiries of each of the other challenged jurors and she found that those jurors could also listen to the evidence and render fair and impartial verdicts.
 
 
 11
 After reviewing the voir dire testimony, we are of opinion the district court's conclusion was justified by the evidence, and accordingly hold that the district court did not abuse its discretion in refusing to strike the challenged jurors for cause.*
 
 
 12
 Lastly, Mrs. Vasquez-Torres contends that the trial judge committed reversible error in not granting her motion for a mistrial due to a variance between evidence alluded to in the government's opening statement and that actually admitted at trial. The government stated in its opening remarks that the evidence would show that the night vision binoculars seized from the defendant were valued at approximately $7,000. This evidence was offered during the government's case but was not admitted over defendant's objection. The government made no further reference to the claimed value of the binoculars and the jury was twice instructed that the statements of the attorneys were not evidence. In addition, the binoculars were admitted into evidence and the jury could see that they were indeed a sophisticated piece of equipment.
 
 
 13
 We agree with the district court that this variance did not merit a mistrial. See Fraizer v. Cupp, 394 U.S. 731, 736 (1969).
 
 
 14
 Accordingly, the judgment of conviction is AFFIRMED.
 
 
 
 *
 Mrs. Vasquez-Torres' related argument that the trial court abused its discretion when it refused to grant her additional peremptory challenges is without merit